IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DARRIS ADAMS, | ) | CASE NO. 3: 15 CV 2242 |
| | ) | |
| Petitioner, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| EDWARD SHELDON, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] in this matter of the *pro se* petition of Darris Adams for a writ of habeas corpus under 28 U.S.C. § 2254,[2] is a motion by respondent Warden Edward Sheldon ("the State") to dismiss the petition as time-barred.[3] Adams has responded in opposition to the motion.[4] For the reasons that follow, I will recommend that the motion be granted and that the petition be dismissed.

## Facts

The facts relevant to adjudicating the present motion are simply stated.

---

[1] The matter was referred to me under Local Civil Rule 72.2 by United States District Judge Jeffrey J. Helmick in a non-document order entered on November 17, 2015.

[2] ECF # 1.

[3] ECF # 6.

[4] ECF # 10.

On March 21, 2013, Adams entered a plea of guilty to one count of murder,[5] and the trial court thereupon sentenced him to a term of fifteen years to life in prison.[6] Adams did not then appeal from either his conviction or sentence.

Nearly two years later, on February 22, 2013, Adams, *pro se*, moved to withdraw his guilty plea, arguing ineffective assistance of counsel.[7] The trial court denied the motion,[8] and on appeal, the appellate court affirmed the decision of the trial court.[9] In so doing, the Ohio appeals court found that Adams could have raised his ineffective assistance argument in a timely-filed direct appeal or post-conviction petition, but did neither. Thus, the appellate court concluded, he was now barred by *res judicata* from asserting these claims in the motion to withdraw.

Adams did not appeal this decision to the Supreme Court of Ohio.[10]

---

[5]ECF # 6, Attachment (state court record) at 5.

[6]*Id*. at 7.

[7]*Id*. at 23.

[8]*Id*. at 93.

[9]*Id*. at 145.

[10]Adams apparently attempted to appeal to the Ohio Supreme Court, but after that court returned a filing he sent them as not conforming to Rule 7.01 of the Supreme Court rules of practice, and further informed Adams that a timely appeal must be filed by November 3, 2014, Adams filed nothing further in the Ohio Supreme Court. *See,* ECF # 6 at 4, fn. 5 (citing record).

On October 19, 2015, Adams, *pro se*, placed the current petition into the prison mail system for filing.[11]  In it, he raises two grounds for relief:

> GROUND ONE: Ineffective assistance of counsel - Counsel failed to investigate evidence of record. Counsel gave erroneous advice in his plea bargaining process.[12]
>
> GROUND TWO: Newly discover [sic] evidence - Adams received the full corner [sic] report within the last few months, which proves beyond a reasonable doubt, the victim was shot accidentally and this was not a case of intentional homicide.[13]

As noted, the State argues that Adams conviction became final on April 21, 2011, with the running of the time for filing an appeal to the Ohio court of appeals from the judgment entry of the trial court.[14]  Because no event then occurred that would pause or statutorily toll the federal habeas limitations period,[15]  Adams' federal limitations period expired on Monday, April 23, 2012.[16]

---

[11] ECF # 1.

[12] *Id*. at 8.

[13] *Id*.

[14] ECF # 6 at 7.

[15] As the State observes, although Adams filed the motion to withdraw his guilty plea in February of 2013, this was nearly 10 months after the limitations period expired and so did not toll or reset that period. *Id*. at 8 (citing *Vrooman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003)).

[16] ECF # 6 at 8.

The State also maintains that Adams cannot show an entitlement to equitable tolling[17] and further that he cannot establish actual innocence.[18] Specifically, the State contends that even disregarding the fact that most of the documents Adams presents are not new, but date back to the time he pled guilty, the documents themselves do not point to actual innocence, but rather are fully consistent with Adams' own version of the facts that he did fire his gun as his girlfriend got out of the car after an argument, but that shooting her was an accident.[19]

As noted, Adams filed a traverse, arguing that he should be entitled to equitable tolling because his attorney was ineffective in not timely filing an appeal from his conviction and sentence on the grounds that his guilty plea was not knowing and voluntary.[20] He also asserts that he is not guilty of murder because the coroner's report shows that the victim was shot accidentally and not intentionally.[21]

**Analysis**

Adams in his opposition to the State's motion to dismiss fundamentally misconstrues both the standards for equitable tolling as it relates to attorney conduct, and the rubric for actual innocence. Each argument will be considered below.

---

[17]*Id.* at 8-9.

[18]*Id.* at 10-11.

[19]*Id.*

[20]ECF # 10 at 5-6.

[21]*Id.* at 3 (quoting petition).

Adams has not disputed the State's chronology of events, nor has he argued that he is entitled to statutory tolling. Accordingly, the following analysis is based on the facts as stated above, and on the agreed upon finding that Adams is not entitled to statutory tolling.

Next, as to equitable tolling, it is well-settled that the AEDPA limitation period is subject to equitable tolling[22] and that the party seeking equitable tolling bears the burden of showing an entitlement to that relief.[23] Further, courts are clear that the circumstances that will support equitable tolling are rare.[24] Absent "compelling" equitable considerations, "a court should not extend limitations by even a single day."[25]

The fundamental test for establishing recourse to equitable tolling is a showing that the petitioner has been diligent in pursuing his rights, but that some extraordinary circumstance stood in his way of timely seeking relief.[26]

Here, Adams appears to argue that because he "repeatedly wrote to his attorney instructing him to file a timely habeas petition challenging his conviction in federal court should his state challenges be dismissed,"[27] he has sufficiently shown both diligence in pursuing his rights and proof that an extraordinary circumstance - *i.e.*, the purported

---

[22]*Lawrence v. Florida,* 549 U.S. 327, 336 (2007).

[23]*Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

[24]*Schlup v. Delo*, 513 U.S. 298, 321 (1995).

[25]*Vrooman*, 346 F.3d at 604 (internal quotation omitted).

[26]*Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005).

[27]ECF # 10 at 4.

ineffectiveness of his allegedly unresponsive counsel - stood in his way of making a timely filing for habeas relief.

But even on its face, Adams' argument is deficient in several critical respects. First, the allegation of repeated correspondence is not supported by either documentary evidence of those exchanges nor even a sworn affidavit attesting to the time and content of any such correspondence.

Further, and more importantly, because habeas is a civil remedy, there is no right to counsel in non-capital habeas proceedings.[28] Thus, without a right to counsel in this proceeding, Adams may not argue that any ineffectiveness of counsel constitutes an extraordinary circumstance that precluded him from timely seeking federal habeas relief. As the Sixth Circuit stated in *Brown v. United States*[29] when rejecting a similar claim for equitable tolling in a case arising under § 2255, a petitioner's belief counsel was handling a habeas filing on his behalf does not constitute grounds for equitable tolling, but merely shows that the petitioner "failed in his duty" to monitor the status of his own habeas filing.[30]

---

[28]*Christeson v. Roper,* __ U.S. __, 135 S.Ct. 891, 893-94 (2015); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

[29]*Brown v. United States*, 20 Fed. Appx. 373 (6th Cir. 2001).

[30]*Id.* at 375; *see also*, *Godfrey v. Beightler,* 2002 WL 485015, at * 2 (S.D. Ohio March 28, 2002); *also see, Coleman v. Thompson,* 501 U.S. 722, 752-53 (1991)(petitioner bears the risk of attorney error that leads to procedural default).

As to Adams' argument that the coroner's report shows he is guilty of accidental manslaughter, but not murder, this is not new evidence.[31] More importantly, the evidence does not dispute that Adams is responsible for the victim's death, nor does it make it more likely than not that no reasonable juror would have found Adams guilty of murder.[32] Stated differently, to qualify for the actual innocence exception Adams must show that there is new and reliable evidence that he "did not commit the acts forming the basis for his conviction,"[33] and that this evidence now "undermines this court's confidence in the outcome of the trial."[34]

Keeping in mind that Adams pled guilty to the offense and so was not tried by a jury, the State points out that multiple parts of the record confirm, and Adams does not dispute, that the victim died from gunshot wounds received as a result of multiple shots fired from Adams' gun as the victim stepped out of the car where the two of them had been arguing.[35] Adams alleges that the coroner's report (which he claims was only recently made available to him)[36] shows that the trajectories of the bullets that struck the victim were all at an upward

---

[31] ECF # 6 at 9.

[32] *Souter v. Jones*, 395 F.3d 577, 602 (6th Cir. 2005).

[33] *Ross v. Berghuis*, 417 F.3d 552, 555-56 (6th Cir. 2005).

[34] *Souter*, 395 F.3d at 600.

[35] ECF # 6 at 10-11 (citing record).

[36] ECF # 1 at 8.

angle and no bullet entered the victim's body at a point higher than her waist, thus making it impossible for him to have intentionally pointed his gun at the victim to shoot her.[37]

But, as Adams himself notes, the same coroner's report speaks of an injury to the victim's leg by rock gravel struck by a bullet likely fired into the ground,[38] and of a bullet that hit the victim below her waist and traveled upward stopping just below her heart, which bullet was "mushroomed" before entering her body.[39] Both examples are consistent with the idea that shots from Adams' gun were striking the ground before either themselves ricocheting into the victim or causing debris to fly up into her. But this evidence of itself does not conclusively prove that Adams was intentionally shooting into the ground with an intent to only scare the victim, or whether, in the unfolding of an argument and in the midst of the victim's attempt to leave the car, Adams did attempt to kill the victim but failed to hit her with a direct shot. As the report also states, Adams fired 15 times but the victim only sustained six wounds, with none of the other shell casings ever recovered.[40]

Simply put, although this evidence may be consistent with the theory that Adams only intended to scare the victim and so is guilty of no more than manslaughter, it is also consistent with an alternative understanding that Adams intended to kill the victim but was unable to get off a direct shot, with six of his 15 shots hitting the ground and ricocheting up

---

[37]*Id*. at 4-5.

[38]*Id*. at 4.

[39]*Id*. at 3.

[40]*Id*. at 3-4.

into the victim and nine other shots being unlocated as they went either into the air or otherwise missed the victim. As such, the evidence presented by Adams neither clearly proves that Adams did not commit the acts that form the basis of his conviction nor does it undermine the Court's confidence in Adams' plea of guilty.

## Conclusion

For the reasons stated, I recommend finding that the *pro se* petition of Darris Adams for a writ of habeas corpus is untimely filed, and that Adams has shown no entitlement to equitable tolling of to excusing the late filing by demonstrating actual innocence. Therefore, I recommend that the motion of the State to dismiss the petition be granted.

Dated: April 22, 2016				s/ William H. Baughman, Jr.
						United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[41]

---

[41] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).