UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Darris Adams,                                              Case No. 15-cv-2242

        Petitioner

    v.                                                   MEMORANDUM OPINION

Edward Sheldon,

        Respondent

## I. INTRODUCTION

Before me are: (1) Respondent Edward Sheldon's motion to dismiss Petitioner Darris Adams' § 2254 habeas petition as time-barred (Doc. No. 6); (2) Magistrate Judge William H. Baughman, Jr.'s Report and Recommendation (Doc. No. 11); and (3) Petitioner Darris Adams' objections to the R & R. (Doc. No. 14).

## II. BACKGROUND

On June 15, 2010, Petitioner Darris Adams shot and killed his girlfriend after an argument. (Doc. No. 1-1 at 2). Adams claimed that he was only trying to scare her by shooting at the ground, but six of the fifteen bullets he fired hit the victim. (Doc. No. 1 at 4, Doc. No. 1-2 at 8). Adams was charged with two counts of murder, both with firearm specifications, in the Lucas County, Ohio Court of Common Pleas. (Doc. No. 6-2 at 1-3). On March 22, 2011, Adams pled guilty to the lesser offense of murder without the firearm specification and was sentenced to life with eligibility for parole after 15 years. *Id.* at 5-7. Adams did not appeal this judgment to the Ohio Court of Appeals. In February 2013, he moved to withdraw his guilty plea based upon facts he now asserts in his § 2254 petition. *Id.* at 23-62. The motion was denied and the denial affirmed on appeal to the Ohio Court of Appeals. *Id.* at 93-98, 145-52. Adams attempted to appeal the appellate judgment to

the Supreme Court of Ohio, but failed to comply with procedural rules of filing. *Id.* at 153. Though he was given the opportunity to correct the error, he never did. *Id.*

Adams, acting *pro se*, filed this § 2254 habeas petition on November 2, 2015. (Doc. No. 1). In the petition, he asserted two grounds for relief: (1) ineffective assistance of trial counsel; and (2) newly discovered evidence that would prove he had shot the victim accidentally rather than intentionally. *Id.* Respondent Edward Sheldon moved to dismiss the petition as time-barred, claiming the petition was filed after the statute of limitations expired. (Doc. No. 6). After briefing, Magistrate Judge Baughman recommended I dismiss Adams' petition since it was filed after the statute of limitations expired and may not be considered on the merits under the doctrines of equitable tolling or actual innocence. (Doc. No. 11). Adams does not object the factual or procedural findings in the R & R. I, too, find these sections to be accurate, and adopt them in full. *Id.* at 1-4.

### III.   STANDARD

Under the relevant statute, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1); *United States v. Campbell,* 261 F.3d 628 (6th Cir. 2001). The failure to file written objections to the Magistrate Judge's report and recommendation constitutes a waiver of a determination by the district court of an issue covered in the report. *Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). The purpose of these written objections is "to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately'" while "focus[ing] attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting *Walters*, 638 F.2d at 950, and *Arn*, 474 U.S. at 147). Therefore, the objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A district court

2

must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also Norman v. Astrue*, 694 F.Supp.2d 738, 740 (N.D. Ohio 2010).

IV. DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act establishes a one-year statute of limitations for filing a habeas corpus petition. 28 U.S.C. § 2244(d)(1). In this case, the limitation period ran from the day Adams could no longer appeal his trial court sentencing to the Ohio Court of Appeals as of right — April 21, 2011. *See* 28 U.S.C. § 2244(d)(1)(A) ("The limitations period shall run from…the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."). Since the one-year period ended on a Saturday, the statute of limitations expired Monday, April 23, 2012. (Doc. No. 6). In his objections, Adams does not challenge Respondent's calculation of the statute of limitations adopted by the R & R. (Doc. No. 14). Instead, he argues that the petition, filed three years after the statute of limitations had expired, should be considered on the merits under the doctrines of equitable tolling and actual innocence. Both are recognized by the Supreme Court as equitable means by which a habeas petition, otherwise barred by the statute of limitations, may be considered on the merits. *See Holland v. Florida*, 560 U.S. 631 (2010) (equitable tolling); *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013) (actual innocence).

A. Equitable Tolling

The AEDPA statute of limitations may be equitably tolled if a petitioner shows both: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Here, Adams relies on *Holland* in his argument that the alleged ineffective

assistance of counsel he received satisfies the "extraordinary circumstance" element. But, while Adams claims he pursued his rights diligently, he fails to prove the element of diligence.

After the trial court judgment on March 21, 2011, Adams did not exercise his right to appeal to the Ohio Court of Appeals. Although Adams contends that the failure to appeal was caused by the alleged ineffective assistance of counsel, Adams was told when he pled guilty and was sentenced that he had the right to appeal, but that the appeal "must be filed within 30 days of [his] sentence." (Doc. No. 9-1 at 9). No appeal was filed during the time Adams could have appealed as of right. Adams did not attempt to remedy this error and move for a delayed appeal under Ohio Rule of Appellate Procedure 5(A) because of the grounds that his counsel allegedly failed to appeal as promised. He also did not timely pursue post-conviction relief in state or federal court on this alleged error. In fact, there is no evidence to indicate Adams took any action before the statute of limitations for filing a federal habeas petition expired on April 23, 2012.

To support his claim of ineffective assistance of counsel, Adams attached letters to his petition which he sent to his counsel and verifications of service. But in these letters, the earliest dated June 1, 2012, Adams states he is "in the process of considering avenues of appealing my conviction." (Doc. No. 1-1 at 5-6). In a letter dated July 17, 2012, Adams states, "I have recently decided to attack the constitutionality of my conviction." *Id.* at 8. All of these letters, contemplating whether to pursue post-conviction relief, were sent after the statute of limitations for this petition had expired.

Adams did not file for state court relief until February 22, 2013, when he moved to withdraw his plea based on the alleged ineffective assistance of counsel he now raises as his first ground for relief. (Doc. No. 6-2 at 23-62). The motion was denied at the trial and appellate levels. *Id.* at 93-98, 145-52. Because Adams failed to initially comply with procedural requirements and did not make an attempt to remedy the error when given the opportunity, appeal to the Supreme Court of Ohio was never perfected. *Id.* at 153. The letter sent by the Supreme Court of Ohio permitted Adams to

4

remedy the procedural error by November 3, 2014. *Id.* Still Adams waited another year before filing this petition on November 2, 2015. (Doc. No. 1).

Adams' delay in pursuing state court remedies and federal post-conviction relief is not indicative of a petitioner who has been pursuing his rights diligently. Although Adams attempts to excuse his failure to adhere to procedural deadlines by asserting ineffective assistance of counsel, he fails to justify why he did not file a Rule 5(A) motion to reopen the appeal and did not even *consider* filing for post-conviction relief until after the statute of limitations had expired. Even after Adams was acting *pro se*, his own failure to take advantage of the opportunity given by the Supreme Court of Ohio to cure his procedural defect resulted in his appeal not being considered by the highest court. Not only did he not cure the defect in 2014, but also waited another year to file this petition. Finally, the coroner's report which he alleges to be grounds for habeas relief as new evidence was sent to Adams on October 16, 2014, over a year before he filed this petition. While some delay may be excusable, the facts here are not indicative of a petitioner who actively pursued his rights but was prevented from timely filing his petition due to extraordinary external roadblocks. Since Adams failed to diligently pursue his rights, the statute of limitations will not be equitably tolled.

B.   Actual Innocence

Under the law, actual innocence applies when a petitioner is "innocent of the charge for which he was incarcerated." *Schlup v. Delo*, 513 U.S. 298, 321 (1995) (quoting *Kuhlmann v. Wilson*, 477 U.S. 436, 452 (1986)). Adams contends he is actually innocent of the crime of murder because he did not *intentionally* shoot his girlfriend. He bases this claim on his constitutional claims of ineffective assistance of counsel and that the coroner's report was not properly considered before he entered the plea and was sentenced. Because his claim of actual innocence does not stand alone but is dependent on his constitutional claims, actual innocence serves as "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the

merits." *Herrera v. Collins*, 506 U.S. 390, 404 (1993); *see also McGuiggin*, 133 S.Ct. at 1928 (applying the actual innocence principle to the AEDPA statute of limitations).

Actual innocence is rarely found, applying only in extraordinary cases when a petitioner "persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McGuiggin*, 133 S.Ct. at 1928 (quoting *Schlup*, 513 U.S. at 329). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. The new evidence need not be admissible under the Rules of Evidence. *Id.* at 327. Nor does the "new evidence" need to be newly discovered. *Id.* at 328. Instead, when evaluating actual innocence, the district court may "consider the probative force of relevant evidence that was either excluded or unavailable at trial." *Id.* at 327-28. This must be done through the eyes of a reasonable juror who "would consider fairly all of the evidence presented" and "conscientiously obey the instructions of the trial court requiring proof beyond a reasonable doubt." *Id.* at 329.

Here, Adams alleges that the coroner's report qualifies as new evidence that would give rise to actual innocence. The report, dated June 18, 2010, describes the wounds inflicted by the six bullets that entered the victim's body. (Doc. No. 1-3 at 3-14). Adams alleges that the coroner's report substantiated his assertion that "none of the gunshot wounds were the result of a direct shot." (Doc. No. 14). But, while some wounds do cite an "upward" trajectory of the bullet consistent with a bullet ricocheting off the ground, one bullet enter the victim's posterior thigh and followed a trajectory of "back to front, fairly directly." (Doc. No. 1-3 at 7). Another bullet entered the victim's posterior upper thigh and followed a trajectory "back to front around the outer curvature of the thigh." *Id.* at 6. Adams also relies on the fact that "all entry and exit wounds were below the victim's waist" and a "mushroomed" bullet recovered from one wound with an upward

6

trajectory to support his allegation that he did not intend to shoot the victim but instead shot at the ground.

Adams seeks to prove that this report could create reasonable doubt in the minds of the jury sufficient to find he had not intended to shoot the victim. The standard here is not whether *a* reasonable juror could find him innocent, but whether "*no* reasonable juror" could find Adams guilty beyond a reasonable doubt. Here, Adams fired fifteen bullets. Only six bullets hit the victim and two of the gunshot wounds were consistent with a bullet that had ricocheted off the ground. But at least two wounds found in the coroner's report could evince a direct shot at the victim. And the police report states that the victim was running at the time of the shooting. (Doc. No. 1-1 at 3). As stated by Magistrate Judge Baughman, though the coroner's report "may be consistent with the theory that Adams only intended to scare the victim and so is guilty of no more than manslaughter, it is also consistent with an alternative understanding that Adams intended to kill the victim but was unable to get off a direct shot." (Doc. No. 11 at 8). Considering all of the evidence available, I agree with Magistrate Judge Baughman and find that a reasonable juror *could* find, beyond a reasonable doubt, that Adams acted with intent and committed the crime of murder. This is not one of the rare cases that call for the actual innocence exception to the statute of limitations.

V. CONCLUSION

Adams failed to file his § 2254 habeas petition within the statute of limitations. For the foregoing reasons, neither equitable tolling nor actual innocence apply so that I may consider the petition on the merits. In accordance with Magistrate Judge Baughman's R & R, Adams' § 2254 is dismissed, with prejudice, as time-barred. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

So Ordered.

                                                               s/ Jeffrey J. Helmick
                                                               United States District Judge